### GENERAL EMPLOYMENT v. BRIERE
Case No. SO82-3681
County Court, Orange County
February 16, 1983

Sam Meiner, for plaintiff.

Mary Robin Briere, pro se.

JAMES C. HAUSER, County Judge.

This cause came before this Court on a non-jury trial held February 10, 1983.

The Defendant signed a contract with the Plaintiff on May 26, 1982, the original of said contract being admitted into evidence as Plaintiff's Exhibit 1. Some of the more salient provisions of this contract should be noted:

Paragraph 4. In the event that I accept a position and then fail to report to work at the prescribed time, or quit, then I shall owe Action Personnel the full service charge for the job.

Paragraph 5. I agree to pay the full service charge as set forth hereon, if I fail to report to work, or quit or if I am

discharged from employment for cause if the employer has agreed to pay the service charge and fails to do so.

Paragraph 7. I agree and understand that the total service charged is based upon the projected *annual* income . . . regardless of the actual earnings for the first twelve months and regardless of the actual time I remain in the position.

The Defendant, who has graduated from high school but has not attended college, stated she worked for two weeks in the bookkeeping department of Universal Engineering. After two weeks the Defendant was terminated, because in the Defendant's own words, she was not sufficiently experienced.

There was no direct testimony from the Plaintiff of the amount of time that the Plaintiff spent looking for a job for the Defendant. In fact, there was no direct testimony at all from the Plaintiff except to actions taken by the plaintiff after the Defendant lost her job.

Before the Court addresses the legal issues, it is important to define a judge's role in a small claims case. Pursuant to Rule 7.140(e), Fla. R. Summary Procedure:

In an effort to secure substantial justice the Court shall assist any party not represented by an attorney on:

(2) Presentation of material evidence

(3) Questions of Law

Rule 7.140 (f) goes on to hold that

The trial may be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply, but are to be liberally construed.

In the case at bar, the Defendant's defense essentially was that $959.73 was too high a price to pay for the services rendered by the Plaintiff, especially since she only earned slightly more than $200 from her job.

Statement of Law

The Plaintiff's claim that the Defendant violated her contract fails on two separate grounds.

1) Assuming that the contract is to be read literally this court is not convinced that the Defendant violated her contract. Paragraph 5 of the

the contract requires the Defendant pay her full fee if she fails to report for work, quits, or is discharged for cause if the employer has agreed to pay. It is ambiguous whether the Defendant, who was not qualified for the job, would fit this category. It is fundamental contract law that if there is doubtful or ambiguous language in the contract it is to be construed against the maker. *MacIntyre v. Greens Pool Service, Inc.*, 347 So. 2d 1081 (Fla. 3d DCA 1977); 11 Fla. Jur. 2d 401, f.n. 79 and 80.

2) Assuming arguendo that the Defendant's inability to perform the job was due to inexperience or improper training then this clause of the contract must be considered unconscionable. *Steinhardt v. Rudolph*, 422 So.2d 884 (Fla. 3d DCA 1982); *Peacock Motel v. Shipman*, 138 So. 44 (Fla. 1931). See also *U.S. v. Vague*, \_\_\_\_ F. 2d \_\_\_\_ (7th Cir. 1983), 41 USLW 2451, which held that a judge has the authority to seek a reduction in an attorney's fee negotiated between an attorney and his client, as being unconscionable.

The agent for the Plaintiff, Ace Kinney, testified that even if the Plaintiff worked only one day, she would be responsible for the entire contract. To uphold such a clause would fly in the face of even minimum substantive conscionability.

This is not to say the Plaintiff is not entitled to a recovery for his services, it simply means he is not entitled to a recovery as set forth in the contract. It is therefore

ORDERED AND ADJUDGED that the Plaintiff recover $100 from the Defendant, that being approximately 50% of her salary for two weeks. It is

FURTHER ORDERED AND ADJUDGED the Plaintiff be entitled to costs for $50.50 for a total of $150.50, for which sum let execution issue. The Plaintiff is not entitled to attorney's fees since its claim for attorney's fees was based on a violation of the contract (Paragraph 11) and the Court determined that the contract was not technically violated.